**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF CONTINUING ABATEMENT

Appellate case name:        Ether Laver Thomas v. The State of Texas

Appellate case number:      01-18-00504-CR

Trial court case number:    15-DCR-070852

Trial court:                400th District Court of Fort Bend County

This Court's October 3, 2019 order abated this appeal for the trial court to conduct a hearing within 20 days with appellant's counsel and a representative from the Fort Bend District Attorney's Office to determine whether the trial court's certificate of appellant's right to appeal was defective when it stated that appellant's case was a plea bargain case with no right to appeal and that appellant waived her right to appeal. Specifically, we directed the trial court to hold a hearing and, after the hearing, to: (1) make findings regarding whether the State's consent to appellant's waiver of her right to a jury trial was given as consideration for appellant's waiver of her right to appeal; (2) if necessary, execute an amended certification of appellant's right to appeal indicating whether appellant has the right to appeal; and (3) make any other findings and recommendations the trial court deems appropriate. *See* TEX. R. APP. P. 25.2(a)(2), (d), (f); 34.5(a)(12), (c)(2); 37.1. We further ordered the court reporter to record the hearing and file the reporter's record of the hearing. To date, the Court has only received a supplemental clerk's record containing two affidavits that contradict each other and that do not comply with this Court's order.

Accordingly, we **order** the trial court to comply with our prior order. The trial court shall set a hearing **within 20 days of the date of this order**. Both appellant's counsel and a representative of the Fort Bend District Attorney's Office shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We **direct** the trial court to:

1) Issue written findings regarding whether the State's consent to appellant's waiver of her right to a jury trial was given as consideration for her waiver of her right to appeal;

2) If necessary, execute an amended certification of appellant's right to appeal indicating whether appellant has the right to appeal; and

3) Make any other findings and recommendations the trial court deems appropriate. *See* TEX. R. APP. P. 25.2(a)(2), (d), (f); 34.5(a)(12), (c)(2); 37.1.

We **order** the trial court's court coordinator to set the hearing **no later than 20 days from the date of this order** and notify the parties and the Clerk of this Court of such date. We **direct** the trial court clerk to file a supplemental clerk's record containing the trial court's amended certification, findings, and orders with this Court **within 10 days of the date of the hearing**. We **order** the court reporter to record the hearing and to file the reporter's record of the hearing **within 10 days of the date of the hearing**.

This appeal remains abated, is treated as a closed case, and is removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.


Judge's signature:   /s/  Evelyn V. Keyes
                     ☑ Acting individually   ☐ Acting for the Court


Date: __December 19, 2019___